**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Sacramento Iribe-Flores,<br><br>          Defendant. | No. CR-04-00798-001-TUC-RM (EJM)<br><br>**ORDER** |

On April 14, 2021, the Court found Defendant Sacramento Iribe-Flores guilty of importation of 50 grams or more of methamphetamine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B)(ii) and 960(b)(1)(H), and sentenced him to concurrent 48-month terms of imprisonment followed by concurrent 3-year terms of supervised release. (Doc. 48.) Sentencing in the case had originally been scheduled in October 2004, but Defendant escaped from custody and failed to appear on that date. (Doc. 15; Doc. 43 at 4-5, 7, 17.)

Currently pending before the Court is Defendant's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 50.)[1] The Federal Public Defender filed a Notice finding no basis for appointment of counsel (Doc. 51), and the Court declines to appoint counsel. The Government did not respond to Defendant's pro se Motion, and the deadline for doing so has expired.

---

[1] The Court will direct the Clerk of Court to seal Defendant's Motion, as it contains sensitive information, including the full names of minors. *See* Fed. R. Crim. P. 49.1(a), (d).

## I. Legal Standard

A court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted his administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts his administrative remedies by appealing a failure of the Bureau of Prisons to bring a motion on his behalf or by the lapse of 30 days from the receipt of a request for compassionate release by the warden of the defendant's facility. *Id*.

The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Therefore, the Court will rely on U.S.S.G. § 1B1.13 as persuasive but non-binding authority for purposes of evaluating the present Motion.

Both 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 direct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 further provides that a defendant's sentence may be reduced only if it is determined that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The application notes to U.S.S.G. § 1B1.13 describe specific circumstances that present "extraordinary and compelling reasons" for a sentence reduction, including "[t]he death or incapacitation of the caregiver of the defendant's . . . minor children" and "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse." U.S.S.G. § 1B1.13, cmt. n.1.

The factors to be considered in determining a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of

the defendant," the sentencing range established by the Sentencing Guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The factors to be considered in assessing dangerousness under 18 U.S.C. § 3142(g) include the nature and circumstances of the defendant's offense; the weight of the evidence against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse," and criminal history. 18 U.S.C. § 3142(g).

**II.   Discussion**

In his Motion, Defendant avers that he submitted a request for compassionate release to the warden of the facility in which he is incarcerated on October 12, 2021, and that the request was denied by the warden the following day. (Doc. 50 at 3.) Defendant also indicates, in contradictory fashion, that he did not receive a response from the warden. (*Id.*) The Court will assume without deciding that Defendant fully exhausted his administrative remedies prior to filing his pro se Motion.

In his Motion, Defendant states that his wife has been battling cancer since 2016. (Doc. 50 at 5.) He avers that, at the time of his sentencing hearing in this case, his wife's cancer was in remission, but it recently returned and her doctor states that she has a very short time to live. (*Id.* at 5, 18.) Defendant requests early release so that he can be with his wife and children. (*Id.* at 5, 18-19.) Defendant further states that, if released, he is

subject to an order of deportation or an ICE detainer, and he intends to reside with his wife and children in Mexico.  (*Id.* at 2, 8.)

After reviewing Defendant's pro se Motion and the record, the Court finds that Defendant's sentence remains appropriate in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  The Court is sympathetic to Defendant's concern about his wife's cancer diagnosis.  However, the Court considered Defendant's wife's battle with cancer when sentencing Defendant.  Defense counsel discussed Defendant's wife's cancer diagnosis in Defendant's sentencing memorandum (Doc. 44 at 2, 6) and during Defendant's sentencing hearing.  Furthermore, although Defendant states in his pending Motion that his wife's cancer was in remission at the time of his sentencing hearing (Doc. 50 at 18), his Presentence Report prepared prior to the hearing reflects that Defendant reported that his wife's cancer had returned and that she was undergoing chemotherapy (Doc. 43 at 8).  Because the Court already considered Defendant's wife's cancer diagnosis when sentencing Defendant, because Defendant does not indicate that his wife is incapacitated such that she is unable to care for their children, and because Defendant identifies no other circumstances warranting a sentence reduction, the Court will deny Defendant's Motion.  Defendant is granted leave to re-file the Motion if his wife passes away or becomes incapacitated such that she is unable to care for Defendant's children.

**IT IS ORDERED** that the Clerk of Court is directed to **<u>seal</u>** Defendant's pro se Motion for Sentence Reduction (Doc. 50).

**IT IS FURTHER ORDERED** that Defendant's pro se Motion for Sentence Reduction (Doc. 50) is **denied without prejudice**.

Dated this 14th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge